**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KEVIN AYERS                         :
6267 Berwick Turnpike               :
Columbia X Road, PA 16914           :
                                    :
and                                 :
                                    :
CARL CRONIN                         :
301 Chenault Avenues                :
Dauphin Island, AL 36528            :
                                    :
and                                 :
                                    :
DWAYNE HALL                         :     Civil Action No. _____
137 Family Drive                    :
Stephens City, VA 22655             :
                                    :
and                                 :
                                    :
RUSSELL JARVIS                      :
P.O. Box 52                         :
Camden On-Tauley, WV 26208          :
                                    :
and                                 :
                                    :
MICHAEL KELLEY                      :
305 S 8th Street                    :
Porter, OK 74454                    :
                                    :
and                                 :
                                    :
ERNEST KELLEY                       :
21740 South 413th East Avenue       :
Porter, OK 74454                    :
                                    :
and                                 :
                                    :
RUTH KELLEY                         :
21740 South 413th East Avenue       :
Porter, OK 74454                    :
                                    :

and                                              :
                                                 :
LISA FLETCHER                                    :
814 North Division                               :
Coweta, OK 74429                                 :
                                                 :
and                                              :
                                                 :
DENNIS KELLEY                                    :
P.O. Box 118                                     :
Coweta, OK 74429                                 :
                                                 :
and                                              :
                                                 :
TERESA CEARLEY                                   :
28550 East 111th Street South                    :
Coweta, OK 74429                                 :
                                                 :
and                                              :
                                                 :
WILLIAM KILGORE                                  :
1330 3rd Avenue                                  :
Ford City, PA 16226                              :
                                                 :
and                                              :
                                                 :
MYRON KYLE                                       :
115 Camino Del Sol Street                        :
Howard, PA 16841                                 :
                                                 :
and                                              :
                                                 :
GARY LEWIS                                       :
290 Matthew Circle                               :
Titusville, FL 32780                             :
                                                 :
and                                              :
                                                 :
ESTATE OF JACK LEE MARTIN                        :
By and through its Administrator                 :
Linda Martin                                     :
448 Bouchelle Drive                              :
New Smyrna Beach, FL 32169                       :
                                                 :
and                                              :
                                                 :

LINDA MARTIN                                   :
448 Bouchelle Drive                            :
New Smyrna Beach, FL 32169                     :
                                               :
and                                            :
                                               :
JAMES N. MARTIN                                :
448 Bouchelle Drive                            :
New Smyrna Beach, FL 32169                     :
                                               :
and                                            :
                                               :
JAMES N. MARTIN, JR.                           :
2614 Rouse Road, Unit C                        :
Orlando, FL 32817                              :
                                               :
and                                            :
                                               :
JOE CARROLL MARTIN                             :
8313 Randolf Summer Shade Road                 :
Summer Shade KY 42166                          :
                                               :
and                                            :
                                               :
JEB SCOTT MARTIN                               :
15100 NW 52nd Avenue                           :
Reddick, FL 32686                              :
                                               :
and                                            :
                                               :
JILL BARTON                                    :
793 Humphrey Circle                            :
Deltona, FL 32738                              :
                                               :
and                                            :
                                               :
DEBORAH MARSHALL                               :
907 6th Street, SW, #906C                      :
Washington, DC 20024                           :
                                               :
and                                            :
                                               :
STACEY MCGINNIS                                :
4000 Hyde Park Avenue, Apt. 29                 :
Columbia, MO 65201                             :
                                               :

and                                              :
                                                 :
CHARLES R. OGLE                                  :
11575 Donaldson Road                             :
Rockbridge, OH 43149                             :
                                                 :
and                                              :
                                                 :
MELANIE OGLE                                     :
11575 Donaldson Road                             :
Rockbridge, OH 43149                             :
                                                 :
and                                              :
                                                 :
MICHAEL OROSS                                    :
14591 Sycamore Road                              :
Mount Vernon, OH 43050                           :
                                                 :
and                                              :
                                                 :
MEGUNAH QEHALTH                                  :
219 Dozier Street                                :
Madisonville, KY 42431                           :
                                                 :
and                                              :
                                                 :
EUGENE SMITH                                     :
190 Douglas Street                               :
Wilmington, NC 28351                             :
                                                 :
and                                              :
                                                 :
BRIAN TEEK                                       :
445 Belair Avenue                                :
Merritt Island, FL 32953                         :
                                                 :
and                                              :
                                                 :
VIRGIL T. YOUNG, JR.                             :
12 Nairn Lane                                    :
Bear, DE 19701                                   :
                                                 :
and                                              :
                                                 :
ISIAH YOUNG                                      :
71 Redding F Park                                :

Cheltenham, GL516UD                          :
England, UK                                  :
                                             :
and                                          :
                                             :
CHYLA YOUNG                                   :
49 Glynbride Gardens                          :
Cheltenham Glos, GL510BZ                      :
England, UK                                   :
                                             :
       Plaintiffs                              :
                                             :
    v.                                        :
                                             :
THE ISLAMIC REPUBLIC OF IRAN                  :
Ministry of Foreign Affairs                   :
Khomeini Avenue                               :
United Nations Street                         :
Tehran, Iran                                  :
                                             :
                                             :
      Defendant.                             :

## **COMPLAINT**

1.      Plaintiffs, by and through undersigned counsel, bring this action seeking Judgment and damages against the Defendant, the Islamic Republic of Iran, for its heinous acts and sponsorship of foreign terrorists and arising out of the terrorist attack upon the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983 ("Marine Barracks Bombing").

2.      Pursuant to section 1083(c)(3) of the National Defense Authorization Act for Fiscal Year 2008, Pub. L. 100-181 (2008) ("NDAA 2008 Act"), this case may be filed as a related action to *Bova, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 15-01074-RCL ("Bova" or "Bova Case") ; *Estate of Stephen B. Bland, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 05-02124-RCL ("Bland" or "Bland Case"); *Estate of Anthony K. Brown, et al.*

*v. Islamic Republic of Iran, et al.*, Civil Action No. 08-00531-RCL ("Brown" or "Brown Case");

*Spencer v. Islamic Republic of Iran, et al.*, Civil Action No. 06-00750-RCL ("Spencer I" or

"Spencer I Case");  *Kenneth S. Spencer v. Islamic Republic of Iran, et al.*, Civil Action No. 12-

00042-RCL("Spencer II" or "Spencer II Case") ; *Peterson et al. v. Islamic Republic of Iran, et*

*al.*, Civil Action No. 01-02094-RCL ("Peterson" or "Peterson Case"); because it arises out of the

same acts and/or incidents as those cases. In *Bland, Brown, Spencer I, Spencer II* and *Peterson,*

this Court found the Defendant in this action, the Islamic Republic of Iran ("Iran"), liable for the

Marine Barracks Bombing, and awarded judgment in favor of plaintiffs, U.S. citizens killed or

injured in that attack and their immediate family members.

   3.  Plaintiffs seek judgment against Defendant, Iran, and in support of their

Complaint allege as follows:

## I.  <u>JURISDICTION AND VENUE</u>

   4.  This action is brought in the individual capacity of each plaintiff and, as

appropriate, in the capacity of each as personal representative of the estate more particularly

described in the caption of this action for their own benefit, for the benefit of each particular

estate, and/or for the benefit and on behalf of all those legally entitled to assert a claim under the

Foreign Sovereign Immunities Act 28 U.S.C. § 1605A(c), and state common law and statutory

law. Subject matter jurisdiction before this Court is proper in accordance with the provisions of

28 U.S.C. §§ 1330(a), 1331, 1332(a)(2), and 1605A, and related statutes.

   5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

## II.     THE PLAINTIFFS

### Kevin Ayres

6.      Plaintiff Kevin Ayres was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Pennsylvania. At the time he was injured, Kevin Ayres was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Kevin Ayres can sue and be sued in this Court.

### Carl Cronin

7.      Plaintiff Carl Cronin was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Alabama. At the time he was injured, Carl Cronin was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Carl Cronin can sue and be sued in this Court.

### Dwayne Hall

8.      Plaintiff Dwayne Hall was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Virginia. At the time he was injured, Dwayne Hall was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Dwayne Hall can sue and be sued in this Court.

### Sandra Hammond

9.     Plaintiff Sandra Hammond is the sister of Burton Wherland who was killed as a result of the Marine Barracks Bombing. The Estate of Burton Wherland is a plaintiff in the action *Estate of Anthony K. Brown, et al. v. Islamic Republic of Iran, et al., Civil Action No. 1:08-cv-00531*. Sandra Hammond is a citizen of the United States and a resident of the State of Oregon. Sandra Hammond brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or Oregon. The murder of her brother Burton caused Sandra severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Sandra Hammond can sue and be sued in this Court.

## The Haynes Family

10.     Plaintiff Warner Lee Haynes was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of New Hampshire. At the time he was injured, Warner Lee Haynes was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Warner Lee Haynes can sue and be sued in this Court.

11.     Plaintiff Amanda Smith is the daughter of Warner Lee Haynes who was injured as a result of the Marine Barracks Bombing. Amanda Smith is a citizen of the United States and a resident of the State of New Hampshire. Amanda Smith brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or New Hampshire. The injury of her father Warner caused Amanda severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Amanda Smith can sue and be sued in this Court.

**Russell Jarvis**

12.     Plaintiff Russell Jarvis was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of West Virginia. At the time he was injured, Russell Jarvis was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Russell Jarvis can sue and be sued in this Court.

**The Kelley Family**

13.     Plaintiff Michael Kelley was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Oklahoma. At the time he was injured, Michael Kelley was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Michael Kelley can sue and be sued in this Court.

14.     Plaintiff Ernest Kelley is the father of Michael Kelley who was injured as a result of the Marine Barracks Bombing. Ernest Kelley is a citizen of the United States and a resident of the State of Oklahoma. Ernest Kelley brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or Oklahoma. The injury of his son Michael caused Ernest severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Ernest Kelley can sue and be sued in this Court.

15.     Plaintiff Ruth Kelley is the mother of Michael Kelley who was injured as a result of the Marine Barracks Bombing. Ruth Kelley is a citizen of the United States and a resident of

the State of Oklahoma. Ruth Kelley brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or Oklahoma. The injury of her son Michael caused Ruth severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Ruth Kelley can sue and be sued in this Court.

16.     Plaintiff Lisa Fletcher is the sister of Michael Kelley who was injured as a result of the Marine Barracks Bombing. Lisa Fletcher is a citizen of the United States and a resident of the State of Oklahoma. Lisa Fletcher brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A©, or, in the alternative, under the laws of the District of Columbia or Oklahoma. The injury of her brother Michael caused Lisa severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Lisa Fletcher can sue and be sued in this Court.

17.     Plaintiff Dennis Kelley is the brother of Michael Kelley who was injured as a result of the Marine Barracks Bombing. Dennis Kelley is a citizen of the United States and a resident of the State of Oklahoma. Dennis Kelley brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or Oklahoma. The injury of his brother Michael caused Dennis severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Dennis Kelley can sue and be sued in this Court.

18.     Plaintiff Teresa Cearley is the sister of Michael Kelley who was injured as a result of the Marine Barracks Bombing. Teresa Cearley is a citizen of the United States and a resident of the State of Oklahoma. Teresa Cearley brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of

the District of Columbia or Oklahoma. The injury of her brother Michael caused Teresa severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Teresa Cearley can sue and be sued in this Court.

### William Kilgore

19.     Plaintiff William Kilgore was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Pennsylvania. At the time he was injured William Kilgore was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff William Kilgore can sue and be sued in this Court.

### Myron Kyle

20.     Plaintiff Myron Kyle was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Pennsylvania. At the time he was injured, Myron Kyle was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Myron Kyle can sue and be sued in this Court.

### Gary Lewis

21.     Plaintiff Gary Lewis was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Florida. At the time he was injured, Gary Lewis was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the

Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Gary Lewis can sue and be sued in this Court.

## **The Martin Family**

22.     Plaintiff the Estate of Jack Lee Martin is represented in the action by and through Linda Martin. Linda Martin was duly appointed by the Onslow Probate Division, State of North Carolina, as the Personal Representative of the Estate of Jack Lee Martin. Jack Lee Martin was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel when he was murdered as a result of the Marine Barracks Bombing. At the time of his death, Jack Lee Martin was a citizen of the United States and a resident of the State of Florida. The death of Jack Lee Martin was caused by a willful and deliberate act of extra judicial killing by the Defendant.

23.     Plaintiff Linda Martin is the mother of Jack Lee Martin who was killed as a result of the Marine Barracks Bombing. Linda Martin is a citizen of the United States and a resident of the State of Florida. Linda Martin brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or Florida. The murder of her son Jack caused Linda severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Linda Martin can sue and be sued in this Court.

24.     Plaintiff James Neal Martin is the father of Jack Lee Martin who was killed as a result of the Marine Barracks Bombing. James Neal Martin is a citizen of the United States and a resident of the State of Florida. James Neal Martin brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or Florida. The murder of his son Jack caused James severe

mental anguish, pain, suffering and extreme emotional distress. Plaintiff James Neal Martin can sue and be sued in this Court.

25.     Plaintiff James Neal Martin, Jr. is the brother of Jack Lee Martin who was killed as a result of the Marine Barracks Bombing. James Neal Martin, Jr. is a citizen of the United States and a resident of the State of Florida. James Neal Martin, Jr. brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or Florida. The murder of his brother Jack caused James severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff James Neal Martin, Jr. can sue and be sued in this Court.

26.     Plaintiff Joe Carroll Martin is the brother of Jack Lee Martin who was killed as a result of the Marine Barracks Bombing. Joe Carroll Martin is a citizen of the United States and a resident of the State of Kentucky. Joe Carroll Martin brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or Kentucky. The murder of his brother Jack caused Joe severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Joe Carroll Martin can sue and be sued in this Court.

27.     Plaintiff Jeb Scott Martin is the brother of Jack Lee Martin who was killed as a result of the Marine Barracks Bombing. James Neal Martin, Jr. is a citizen of the United States and a resident of the State of Florida. Jeb Scott Martin brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or Florida. The murder of his brother Jack caused Jeb severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Jeb Scott Martin can sue and be sued in this Court.

28.     Plaintiff Jill Barton is the sister of Jack Lee Martin who was killed as a result of the Marine Barracks Bombing. Jill Barton is a citizen of the United States and a resident of the State of Florida. Jill Barton brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or Florida. The murder of her brother Jack caused Jill severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Jill Barton can sue and be sued in this Court.

### Deborah Marshall

29.     Plaintiff Deborah Marshall was, at the time of the Marine Barracks Bombing, the wife of Paul Phillip Martinez, Sr. who was injured as a result of the Marine Barracks Bombing. Paul Phillip Martinez, Sr. is a plaintiff in the action *Estate of Anthony K. Brown, et al. v. Islamic Republic of Iran, et al., Civil Action No. 1:08-cv-00531.* Deborah Marshall is a citizen of the United States and a resident of the District of Columbia. Deborah Marshall brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia. The injury of her ex-husband Paul caused Deborah severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Deborah Marshall can sue and be sued in this Court.

### Stacey McGinnis

30.     Plaintiff Stacey McGinnis was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Missouri. At the time he was injured, Stacey McGinnis was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Stacey McGinnis can sue and be sued in this Court.

## The Ogle Family

31.     Plaintiff Charles R. Ogle was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Ohio. At the time he was injured, Charles R. Ogle was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Charles R. Ogle can sue and be sued in this Court.

32.     Plaintiff Melanie Ogle is the wife of Charles R. Ogle who was injured as a result of the Marine Barracks Bombing. Melanie Ogle is a citizen of the United States and a resident of the State of Ohio. Melanie Ogle brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia or Ohio. The injury of her husband Charles caused Melanie severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Melanie Ogle can sue and be sued in this Court.

## Michael Oross

33.     Plaintiff Michael Oross was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Ohio. At the time he was injured, Michael Oross was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Michael Oross can sue and be sued in this Court.

**Megunah Ben Qehalth**

34.     Plaintiff Megunah Ben Qehalth (formerly Philip O'Donnell) was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Kentucky. Plaintiff legally changed his name from Philip O'Donnell to Megunah Ben Qehalth on October 5, 2005. At the time he was injured, Megunah Ben Qehalth was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Megunah Ben Qehalth can sue and be sued in this Court.

**Eugene Smith**

35.     Eugene Smith was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of North Carolina. At the time he was injured, Eugene Smith was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Eugene Smith can sue and be sued in this Court.

**Brian Teek**

36.     Plaintiff Brian Teek was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Florida. At the time he was injured, Brian Teek was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Brian Teek can sue and be sued in this Court.

**The Young Family**

37.     Plaintiff Virgil T. Young, Jr. was at the time of the Marine Barracks Bombing a citizen of the United States of America and presently resides in the State of Delaware. At the time he was injured, Virgil T. Young, Jr. was a marine in the United States Marine Corp and acting in the scope of his employment as military personnel. The willful and wrongful and intentional acts of the Defendant caused extreme mental anguish, physical injury and pain and suffering to the Plaintiff. Plaintiff Virgil T. Young, Jr. can sue and be sued in this Court.

38.     Plaintiff Isiah Young is the son of Virgil T. Young, Jr. who was injured as a result of the Marine Barracks Bombing. Isiah Young is a citizen of the United States and a resident of the United Kingdom. Isiah Young brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia. The injury of his father Virgil caused Isiah severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Isiah Young can sue and be sued in this Court.

39.     Plaintiff Chyla Young is the daughter of Virgil T. Young, Jr. who was injured as a result of the Marine Barracks Bombing. Isiah Young is a citizen of the United States and a resident of the United Kingdom. Chyla Young brings claims for loss of solatium and/or intentional infliction of emotional distress pursuant to § 1605A(c), or, in the alternative, under the laws of the District of Columbia. The injury of her father Virgil caused Chyla severe mental anguish, pain, suffering and extreme emotional distress. Plaintiff Chyla Young can sue and be sued in this Court.

**III.     THE DEFENDANT**

40.     Defendant Islamic Republic of Iran is a foreign sovereign state. Iran operated under a constitutional monarchy until January 16, 1979, when Shah Mohammed Reza Pahlavi fled the country after a period of violent unrest orchestrated by the Ayatollah Ruhollah Musawi Khomeini and his followers. On April 1, 1979, Ayatollah Khomeini declared the creation of the Islamic Republic of Iran.

41.     Iran is now and has been designated a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. Appx. § 2405(j)), and section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) since January 19, 1984. Iran was designated a state sponsor of terrorism as a result, *inter alia*, of the 1983 Beirut Embassy Bombing.

42.     The Iranian Ministry of Information and Security ("MOIS") functions as the Iranian Intelligence Service and, in this capacity, as an agent of Iran.

43.     MOIS operates both within and outside Iranian territory. Pursuant to U.S.C. § 1605A(c), Defendant Iran is vicariously liable for the acts of its officers, employees, or agents, including those of MOIS.

## IV.     FACTUAL ALLEGATIONS

### The October 23, 1983 Attack on the headquarters building of the 24th Marine Amphibious Unit in Beirut

44.     Paragraphs 1 through 43 are incorporated herein as if fully set forth herein.

45.     Hezbollah is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel. At all times

relevant to this action, Defendant gave Hezbollah extensive support, which permitted the organization to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which gave rise to this action, Hezbollah was under the complete operational control of the Defendant, through Iranian Revolutionary Guards units within Lebanon. The Shia or Shiite Community in Lebanon has been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendant to Hezbollah was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

46.     The Mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital." The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there were sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

47.     Acting on instructions from the Defendant, The Islamic Republic of Iran, the Iranian agents of the Defendant in operational control of Hezbollah, with high-level technical

participation which would not have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas-enhanced explosive force equal to 5,000 pounds of explosives. This was in turn mounted in a large Mercedes truck of a type commonly seen on construction projects which had been determined by Iranian terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and through a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which Iranian explosive experts had calculated an explosive magnitude to be produced by the device that would collapse the structure. At approximately 6:22 am, Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four-story reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

48.    The actions of the agents of the Defendant as above set forth constitutes acts of torture, extrajudicial killing and the provision of material resources for them are acts as defined in Section 2339A, Title 18, United States Code.

49.    The formation of Hezbollah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant, the Ministry of Information and Security and Ali Akbar Mohyashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and the Iranian Ambassador to Syria. The above-referred activities of Hezbollah were financed, technologically supported and commanded by Iranian military/ intelligence operatives.

**COUNT I**
**28 U.S.C. § 1605A(c), PRIVATE RIGHT OF ACTION**

50.     Paragraphs 1 through 49 are incorporated herein as if fully set forth herein.

51.     The Islamic Republic of Iran was and is a state sponsor of terrorism as described in 28 U.S.C. § 1605A(a)(2)(A)(i).  Defendant and its agents were acting within the scope of their office, employment, or agency in committing the acts alleged herein, including planning and carrying out the terrorist attack on the Marine Barracks in Beirut, Lebanon on October 23, 1983.

52.     As a direct and proximate result of the willful, wrongful, intentional, reckless and heinous acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS, Plaintiffs suffered, *inter alia*, physical pain and suffering, mental anguish, emotional pain and suffering, solatium damages and/or economic losses resulting from Defendant's acts.

53.     Pursuant to 28 U.S.C. § 1605A(c), Plaintiffs, who are U.S. nationals may assert a cause of action against Defendant for personal injury that was caused by an act of extrajudicial killing or the provision of material support or resources for such an act, if performed or provided by an official, employee, or agent of Defendant while acting within the scope of his or her office, employment, or agency.

54.     Accordingly, as a result of Defendant's actions, Plaintiffs seek compensatory damages.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendant in such amounts as are permitted by law and in accordance with this Court's prior determinations of awards and Judgments on behalf of similarly situated Plaintiffs, both for their compensatory, solatium and punitive damages, and otherwise as permitted by this Court.  As to punitive damages, the Islamic Republic of Iran must be sent a message by this Court that its past and

continued sponsorship of terror is unconscionable and will not be tolerated by this Court, which should award the Plaintiffs the amount of ONE BILLION DOLLARS ($1,000,000,000) for such damages, in addition to an award of all other allowable damages, interest, attorney fees, and assessment of costs and expenses, and the entry of Judgment, against the Defendant.

## COUNT II
## LOSS OF SOLATIUM

55.     Paragraphs 1 through 54 are incorporated herein as if fully set forth.

56.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Defendant, the Plaintiff family members of the victims suffered extreme mental anguish, emotional pain and suffering, and the loss of the society and companionship of the victims.

57.     Accordingly, Plaintiff family members bring claims for loss of solatium against Defendant pursuant to 28 U.S.C. § 1605A(c), or, in the alternative, the laws of the District of Columbia.

WHEREFORE, the individual Plaintiffs demand that judgment be entered against Defendant, in the amount of ONE BILLION DOLLARS ($1,000,000,000).

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.     Paragraphs 1 through 57 are incorporated herein as if fully set forth.

59.     On October 23, 1983, members of Hezbollah willfully, violently, and forcefully caused an explosive device to detonate at the Marine Barracks in Beirut, Lebanon.

60.     The act of detonating an explosive charge at the Marine Barracks in Beirut, Lebanon on October 23, 1983 constituted extreme and outrageous conduct on the part of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS.

61.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hezbollah members, whose acts were funded and directed by the Islamic Republic of Iran through its agent MOIS, Plaintiffs suffered severe emotional distress, entitling them to compensatory damages.

62.     Each Plaintiff family member may assert a cause of action for intentional infliction of emotional distress against Defendant in connection with the willful, wrongful, intentional, and reckless actions of Hezbollah members.  Such cause of action may be asserted pursuant to 28 U.S.C. § 1605A(c), or, in the alternative, the laws of the District of Columbia.

WHEREFORE, Plaintiffs demand that judgment be entered, against Defendant in the amount of ONE BILLION DOLLARS ($1,000,000,000).

## COUNT IV
## PUNITIVE DAMAGES

63.     Paragraphs 1 through 62 are incorporated by reference as though fully set forth herein.

64.     As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Defendant, the Plaintiff and the Plaintiff's family members of the victims suffered extreme mental anguish, emotional pain and suffering, and the loss of the society and companionship and solatium as a result of the Plaintiff being injured in the attack.

65.     Under federal and/or state and foreign law, the Plaintiffs, and each of them, are entitled to an award of punitive damages to be assessed and awarded against the Defendant for its heinous, reprehensible and unforgiving conduct in perpetrating unrelenting terror upon the United States of America, her citizens, and the Plaintiffs, and each of them.  The purposes of punitive damages is to punish, for retribution and to deter further acts of terror by the Defendant and other terror organizations and those who provide material support for the sponsorship of

terror.  This allows, and under the circumstances requires, a message to be sent by this Court to the Islamic Republic of Iran that it's past and ongoing sponsorship of terror will not be countenanced by this Court nor by the United States of America.  An award of not less than one billion dollars in punitive damages should be assessed against the Defendant, and Judgment should be entered on behalf of the Plaintiffs, and each of them, in such amount of punitive damages, to be shared among them in direct proportion to the other damages awarded to each of the Plaintiffs, and as the interests of justice may allow.

WHEREFORE Plaintiffs demand that judgment be entered, jointly and severally, against Defendant, in the amount of ONE BILLION DOLLARS ($1,000,000,000).

## <u>PRAYER FOR RELIEF</u>

WHEREFORE Plaintiffs, pray that the Court:

A.  Grant Plaintiffs judgment in their favor against Defendant on Counts I through IV; and

B.  Award Plaintiffs;

1.  Compensatory damages against Defendant the Islamic Republic of Iran in the amount of  ONE BILLION DOLLARS ($1,000,000,000);

2.  Punitive damages against Defendant the Islamic Republic of Iran in the amount of ONE BILLION DOLLARS ($1,000,000,000);

3.  Pre-judgment interest as allowed by law;

4.  Reasonable costs and expenses;

5.  An award of reasonable attorneys' fees; and

6.  Such other and further relief which the Court may determine to be just and equitable under the circumstances.

Dated: February 5, 2018

Respectfully submitted,

HEIDEMAN NUDELMAN & KALIK, PC
1146 19th Street, NW, 5th Floor
Washington, DC 20036
Telephone:  202-463-1818
Telefax:      202-463-2999

By:  ___/s/  Richard D. Heideman
     Richard D. Heideman (No. 377462)
     Noel J. Nudelman (No. 449969)
     Tracy Reichman Kalik (No. 462055)

*Counsel for All Plaintiffs*